UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EMILEE BOWYER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-04790-SEB-MJD ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Emilee Bowyer's petition for a writ of habeas corpus challenges her conviction in prison disciplinary case IWP 19-08-0005. For the reasons explained in this Entry, Ms. Bowyer's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On August 2, 2019, Investigator Michele D. Miller-Clark wrote a conduct report charging Ms. Bowyer with a violation of Code 247, possession or solicitation of unauthorized personal information:

> This conduct report is based on information gathered during confidential case file 19-IWP-0029, Intelligence gathered through monitored calls, interviews, and other forms of evidence to include but not limited to information extracted from camera footage clearly indicates Offender Emilee Bowyer, 262506 did have unauthorized personal information involving another offender Rachel Stegner, 269309 confidential telephone pin number. Details of these findings are on a need to know basis and should not be disclosed to this offender to maintain the integrity of the confidential case file. END of Report.

Dkt. 7-1. The confidential case file for 19-IWP-0029 was filed *ex parte* for the Court's review at docket 8.

Ms. Bowyer was notified of the charge on August 5, 2019. Dkt. 7-2. She pled not guilty, requested a lay advocate, did not request to call any witnesses, and requested the evidence from the investigation. *Id.*

A disciplinary hearing was held on August 9, 2019, and Ms. Bowyer stated: "there is not proof that I used this offender[']s phone." Dkt. 7-3. The disciplinary hearing officer (DHO) considered the conduct report and found Ms. Bowyer guilty because she "used another offender[']s telephone pin to complete calls." *Id.* Her sanctions included deprivation of 60-days' earned credit time. *Id.*

Ms. Bowyer's appeals to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority were unsuccessful. Dkt. 7-4; dkt. 7-5. Ms. Bowyer then filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return on March 6, 2020. Dkt. 7. Ms. Bowyer did not file a reply.

**C. Analysis**

Ms. Bowyer raises three grounds in her petition: (1) she received another conduct report pertaining to this investigation, and that matter was set for a re-hearing;[1] (2) she was told at her hearing that she was seen on camera on the telephone but the documents in the record show two different dates; and (3) she did not receive a fair and impartial hearing. Dkt. 1 at 2-3.

The respondent argues that Ms. Bowyer failed to exhaust her administrative remedies as to ground 1 and part of ground 2. Dkt. 7 at 5. First, the respondent contends Ms. Bowyer did not argue in her appeals that her second case pertaining to this investigation was sent back for a rehearing, and second, that Ms. Bowyer did not argue that she was confused about when the telephone calls took place. *Id.*

Though the Court acknowledges the respondent's procedural arguments, the Court finds that judicial efficiency will best be achieved by a merits review of the claims. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525). Therefore, the Court will address Ms. Bowyer's first and second grounds on their merits.

1. **Ground 1: Re-hearing**

Though Ms. Bowyer argues that her subsequent disciplinary conviction stemming from

---

[1] The Court notes that Ms. Bowyer is referring to a conduct report charging her with another violation of Code B-247 in disciplinary case IWP 19-08-0006. Dkt. 1. Ms. Bowyer has filed a habeas petition regarding that disciplinary conviction that is also pending before this Court. *See* case No. 1:20-cv-00037-JRS-TAB, *Bowyer v. Warden* (Ms. Bowyer was charged with possession of unauthorized personal information of a former staff member).

this underlying investigation was set for a re-hearing, it is of no consequence to the Court's decision regarding her petition in this matter. Ms. Bowyer acknowledges the re-hearing was set due to denial of a lay advocate. Dkt. 1. However, a prisoner in a disciplinary proceeding has no right to a lay advocate unless the inmate is illiterate or the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (citing *Wolff*, 418 U.S. at 571). Ms. Bowyer makes no such argument that these circumstances are present, and the record reflects that neither are.

Accordingly, she is not entitled to habeas relief on this ground.

### 2. Notice

Ms. Bowyer argues that documentation in the record reflects different dates, specifically when she was seen by the camera using the telephone calls in the dayroom Dkt. 1. She contends that the documents reflect July 16, 2019 as a date of incident and then a date of August 2, 2019. *Id.* The Court construes Ms. Bowyer's argument as one challenging adequate notice of the charge against her. She argues that she "never received clarity as to which date was being referred to[.]" *Id.*

Ms. Bowyer's argument fails. The confidential case file represents that an ongoing investigation into Ms. Bowyer's unauthorized possession of another inmate's personal pin number used to make telephone calls, her unauthorized possession of a former staff member's personal information, and information regarding her telephone calls, spanned across a time frame of June 2019 to August 2, 2019 (the day her conduct report was written). Dkt. 8. Ms. Bowyer was notified that she was charged with a Code 247 violation on August 5, 2019, based on information from an investigation "through monitored calls, interviews, and other forms of evidence to include but not limited to information extracted from camera footage" that established she possessed personal

information belonging to Offender Rachel Stegner. Dkt. 7-1. The conduct report outlined exactly what information Ms. Bowyer possessed, the other inmate's confidential telephone pin number. *Id.* Ms. Bowyer's hearing occurred on August 9, 2019, four days after she received notice of her charge. Dkt. 7-2; dkt. 7-3.

The Court finds that Ms. Bowyer was given more than 24 hours advanced written notice of the hearing. The conduct report informed Ms. Bowyer of the violation and the facts underlying the charge that enabled her to "marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564; *see also Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).

Accordingly, Ms. Bowyer is not entitled to habeas relief on this ground.

### 3. Impartial decision maker

Ms. Bowyer argues that the DHO "made multiple attempts to consult other staff members concerning my hearing including stopping the hearing at one point to speak with a superior." Dkt. 1 at 3. She contends that there were two other officers at the hearing who were in training. *Id.* One of them whom she identifies as Officer Fernandez, had a conversation with the DHO; she alleges the DHO said if she was not sanctioned appropriately it "would reflect poorly on him." *Id.*

A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. However, hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision maker is breached—in

rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Simply put, Ms. Bowyer has not presented clear evidence to overcome the presumption that her hearing officer was impartial. Ms. Bowyer does not argue, and the record does not indicate, that either of these officers present at the hearing or the superior the DHO consulted were involved in the underlying investigation. There is no evidence that the DHO was directly or substantially involved in the underlying investigation. There is no evidence in the record to support Ms. Bowyer's assertion that the DHO made a statement regarding the severity of her sanctions or how they impact him, other than her unsupported account. Taking as true that the DHO made the statement, it was that Ms. Bowyer be "appropriately" sanctioned. Such a comment does not suggest bias or partiality. The Court finds Ms. Bowyer's assertions do not overcome the presumption that the DHO was impartial.

Accordingly, habeas relief on this ground is denied.

### 4. Sufficiency of the Evidence

The Court also addresses Ms. Bowyer's contention that she does not believe that camera footage exists showing her on the telephone in the dayroom on July 16, 2019 or August 2, 2019. Dkt. 1.

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Hill*, 472 U.S. at 455-56 (courts will not reweigh the evidence in prison disciplinary cases); *Scruggs*, 485 F.3d at 941 (same). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is

satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

A violation of Code 247, in relevant part, is defined as "[p]ossessing or soliciting unauthorized personal information regarding another offender . . . including . . . financial information, or telephone numbers[.]" Dkt. 7-6 at 8. Ms. Bowyer's wondering if video evidence exists—and her unsupported belief that it does not—is not a basis for habeas relief. Sufficient evidence exists to meet the "some evidence" standard to support her conviction, including the conduct report and the contents of the confidential case file that comprehensively detail the investigation regarding her unauthorized possession of another inmate's confidential telephone pin number.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of

7

the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Bowyer to the relief she seeks. Accordingly, Ms. Bowyer's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/14/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EMILEE BOWYER
262506
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov